MARJORIE I. KENNEDY, as Administratrix of the Estate of THOMAS R. KENNEDY, Deceased, Respondent, *v.* (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellant.

MARJORIE I. KENNEDY, Respondent, *v.* (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellant.

Fourth Department, December 29, 1948.

*Melvin H. Zurett* for appellant.

*M. Maurice Chacchia* for respondent.

*Per Curiam.* In our opinion, the trial court correctly ruled that the policy of defendant in effect at the time of the accident November 3, 1945, must be read in connection with the rule adopted by this defendant for use in connection with policies effective during the period July 17, 1944 to April 15, 1946. Dur-

ing the war period, to conserve paper, evidently new policies were not issued but the insurance was extended by a renewal certificate referring to the old policy. The record here does not disclose of plaintiff's original policy issued by defendant, the insuring agreements, but only the declarations. The trial court at defendant's request found that the insuring agreement V of the policy — this finding evidently referred to the insuring agreement V of the 1943 policy — afforded coverage for bodily injury and property damage liability within the limits of the policy with respect to a passenger automobile insured in the policy and owned by the named insured, while the named insured was operating any other private passenger automobile. The language of the Amendatory Endorsement Auto 162 attached to the renewal certificate of the 1943 policy for the period July, 1945, to July, 1946, seems clearly to have been intended by the defendant to make applicable to this policy the provisions of the rule adopted and filed with the Superintendent of Insurance at some time prior to July 17, 1944. In the original policy there was no express classification of the insured's vehicle. However, it was a truck — clearly a commercial vehicle — ½-ton pickup truck — and so probably under the third paragraph of the declarations, a part of the original policy, not entitled to the extended coverage of paragraph V of the insuring agreements. We conclude, however, that the defendant, by adopting the rule (Exhibit 5), followed by annexing the amendatory indorsement to the renewal certificate extending the policy for one year from July, 1945, fully intended to make that rule applicable to the insuring agreement V of the original policy. The proof was ample in view of defendant's concession found in the record, to sustain the finding that Clark's truck was not used as a dray to haul commodities for his neighbors or anyone else. This rule *expressly classified* a pickup truck with load capacity of 1,000 pounds or less, to be used by a farmer only in his own business of farming and not as a dray for his neighbors, as a private passenger automobile and accorded to it the rate for a light class truck less 15%, or rate '' C '' for private passenger automobiles, whichever was lower. Rates are fixed on risk experience. There can be no discrimination as to rates, or risks. To refuse to extend to Clark's insured vehicle the same coverage that would be extended to a private passenger automobile, would, it seems to us, have been discriminatory within the provisions of article VIII of the Insurance Law.

While we recognize the usual rule that the policy ordinarily controls as to the contract of the parties, still there is a rule, equally as important to a contract of this character, i.e., that in case of doubt, such doubt ought to be construed against the insurer. On this record, at least in view of the language found in paragraph one of the conditions in Auto Endorsement 145, annexed to the renewal certificate for the policy period July 10, 1945, and ending July 10, 1946, read in connection with the language of the Amendatory Endorsement entitled Auto 162, also annexed to the renewal certificate for the same period, in paragraph 2 of such indorsement purporting to amend the insuring agreement "Use of Other Private Passenger Automobiles", we conclude that the situation disclosed by this record is such as, at least, to create a doubt as to whether the entire policy was not intended to change whatever classification of this insured vehicle may have been made by the declarations, a part of the original policy, so as to reclassify it during the renewal period in question, which was the period within which the accident occurred, as a private passenger automobile, and so entitled to the extended coverage, provided that it was not used by Clark, the insured farmer, as a dray to haul his neighbors' commodities.

The judgments should be affirmed, with costs.

All concur. Present — TAYLOR, P. J., LARKIN, LOVE, VAUGHAN and KIMBALL, JJ.

Judgment in first action affirmed, with costs.
Judgment in second action affirmed, with costs. [See 275 App. Div. 741.]